**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | | |
| | **)** | |
| **Plaintiff,** | **)** | **CASE NO: 4:15-cr-00403** |
| | **)** | |
| **v.** | **)** | **Judge Dan Aaron Polster** |
| | **)** | |
| **COLIN P. MCILVEEN,** | **)** | **OPINION AND ORDER** |
| | **)** | |
| **Defendant.** | **)** | |
| | **)** | |

### I.    Introduction

Before the Court is Defendant Colin P. McIlveen's Motion to Reduce Sentence and for Immediate Compassionate Release. ECF Doc. 43. On September 30, 2016, Mr. McIlveen was sentenced to 140 months in prison for Possession with Intent to Distribute Cocaine (Count 2) and 120 months to run concurrently with Count 2 for being a Felon in Possession of Firearm and Ammunition (Count 3). ECF Doc. 41. He is currently being held at FCI Edgefield with an expected release date of November 23, 2025.[1]

On June 3, 2021, Mr. McIlveen's appointed counsel, filed a supplement to his motion. ECF Doc. 45. On June 9, 2021, the Government filed an opposition to Mr. McIlveen's motion. ECF Doc. 46. For the reasons stated herein, Mr. McIlveen's Motion to Reduce Sentence and for Immediate Compassionate Release is **DENIED**.

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc (last accessed June 17, 2021).

1

## II.    Exhaustion

Before filing a motion for compassionate release, a defendant must satisfy 18 U.S.C. § 3582(c)(1)(A)(i)'s exhaustion requirement. Under *United States v. Alam*, the request may come through a motion filed by the inmate after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoners]'s behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier." *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020).

According to Mr. McIlveen, he has exhausted all administrative remedies by seeking compassionate release on November 30, 2020, through acting Warden, Mr. Wilson. ECF Doc. 43 at 4. Mr. Wilson denied Mr. McIlveen's request for compassionate release on December 30, 2021. ECF Doc. 43, Ex. A. Based on this information, Mr. McIlveen has satisfied the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A)(i), and the Government does not argue otherwise. ECF Doc. 46 at 2-3.

## III.    Factors Warranting Early Release

As authorized by 18 U.S.C. § 3582(c)(1), two requirements must be met before the Court may grant a compassionate release. 18 U.S.C. § 3582(c)(1). The Court must find: (A) extraordinary and compelling circumstances permit sentence reduction; and (B) the reduction is proper considering the 18 U.S.C. § 3553(a) sentencing factors, "to the extent they are applicable." *Id.*

### A.    Extraordinary and Compelling Reasons

When determining whether the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release, courts consider the following factors: (1) whether defendant is at high risk of having complications from COVID-19; and (2)

2

whether the defendant's prison has a severe COVID-19 outbreak.  *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021) (citing *United States v. Hardin*, No. 19-CR-240, 2020 U.S. Dist. LEXIS 90855, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020).

Mr. McIlveen raises the following "extraordinary and compelling" reasons for compassionate release: 1) his sentencing disparity based on the decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019); the loss of both of his parents;  the custody status of his children; his medical diagnosis; and his rehabilitative efforts. ECF Doc. 43 at 4-7.

### 1.  Sentencing Disparity

Mr. McIlveen first argues he would have received a different sentence under the sentencing guidelines today based on *United States v. Havis*. ECF Doc. 43 at 4-5. In *United States v. Havis*, the Sixth Circuit found that the U.S. Sentencing Commission stepped beyond Congressional limits by including attempt crimes as career offender qualifiers and predicates. *Havis*, 927 F.3d at *386-87. Further, the Court found that Congress had not approved or considered the modifications to the definitions of 'crime of violence' or 'controlled substance' offenses under the text of U.S.S.G § 4B1.2(a) and (b). *See United States v. Winstead,* 435 U.S. App. D.C. 395, 890 F.3d 1082 (2018) ("If the Commission wishes to expand the definition of 'controlled substance offenses' to include attempts, it may seek to amend the language of the guidelines by submitting the change for congressional review.")

Pursuant to *Havis*, Mr. McIlveen contends that his prior Ohio Rev. Code §2925.03(A)(1) convictions are not predicate convictions triggering the application of the career offender penalties. ECF Doc. 45 at 4. And, without the career offender enhancement, Mr. McIlveen's total offense level would be 27 and Criminal History Category V. ECF Doc. 45 at 5. At this level, Mr. McIlveen's advisory guidelines range would have been 120-150 months. Accordingly, even if

*Havis* applied, this Court's imposition of a term of 140 months in September 2016 still fell within the applicable guidelines range argued by Mr. McIlveen. Moreover, as the Government correctly points out, the Court may consider the sentencing disparity *only* if it creates an extraordinary and compelling reason in conjunction with the other factors. ECF Doc. 46 at 9. Here, it does not.

### 2. Loss of Parents

Next, Mr. McIlveen argues that the loss of his parents presents an extraordinary and compelling reason for compassionate release. ECF Doc. 43 at 5. Under U.S.S.G. § 1B1.13, n. 1(C), the death of a family member is only seen as extraordinary and compelling when that person is the sole caregiver for a child. Because Mr. McIlveen has not represented that this is the case, it cannot be a basis for granting his motion.

### 3. Custody Status of Mr. McIlveen's Children

Third, Mr. McIlveen alleges that his children were being neglected while in their mother's custody. ECF Doc. 43 at 5. However, he also represents that the children are now in the temporary custody of a friend. As the Government has contended, while unfortunate, "the care of minor children is a problem faced by many convicted defendants." *United States v. Kibby*, No. 2:19-cr-179, 2021 U.S. Dist. LEXIS 95820, at *8 (S.D. Ohio May 20, 2021). Therefore, the custody status of his children does not present an extraordinary or compelling reason warranting compassionate release.

### 4. Medical Diagnosis

Next, Mr. McIlveen represents that he has been diagnosed with chronic hepatitis C. The Centers for Disease Control and Prevention ("CDC") identifies a non-exhaustive list of COVID-19 risk factors on its website, which outlines risk factors that can make you "more likely to get

severely ill from COVID-19".[2] Last updated on May 13, 2021, the CDC has determined that symptoms from liver diseases such as chronic hepatitis C may increase the likelihood of severe illness from COVID-19. *See United States v. Elias*, 984 F.3d 516, 521 (6th Cir. Jan. 6, 2021) ("[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions"). The Government does not dispute Mr. McIlveen's condition.

However, Mr. McIlveen's argument that his hepatitis C presents an extraordinary and compelling reason is weakened because he was offered and refused the COVID-19 vaccination on March 11, 2021. ECF Doc. 46 at 11, Ex. 1. Without legitimate justification, a prisoner should not be permitted to qualify for compassionate release by declining to receive a COVID-19 vaccine. Such rulings would discourage prisoners from becoming vaccinated in the hopes of early release. *See, e.g. United States v. Austin*, 2021 U.S. Dist. LEXIS 56340 at 5-6 (E.D. Mich. Mar. 25, 2021) (Cleland, J.)*; United States v. Jackson*, 2021 U.S. Dist. LEXIS 39807 at *4 (D. Minn. Mar. 3, 2021) (Magnuson, J.) ("Jackson's decision to refuse the vaccine flies in the face of any medical recommendation regarding the vaccines. While he is within his rights to refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk."); *United States v. Williams*, No. CR-17-01279-001-PHX-DLR, 2021 U.S. Dist. LEXIS 18354 at *7 (D. Ariz. Feb. 1, 2021)(defendant's explanation for refusal was "incredible in light of his claim that his risk of a serious illness from the COVID-19 virus is an extraordinary and compelling reason for his immediate release").

---

[2] Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (last accessed June 17, 2021).

Additionally, Mr. McIlveen does not meet the second prong of the "extraordinary and compelling reasons" test. Presently, there are no active cases of COVID-19 at FCI Edgefield. ECF Doc. 46 at 12. While the Court recognizes Mr. McIlveen's concern of contracting COVID-19 and the vaccines' effectiveness, the existence of the pandemic alone is not enough to authorize the Court to grant a compassionate release. *See United States v. Carr,* No. 20-5784, 2020 U.S. App. LEXIS 33773, at *5 (6th Cir. Oct. 26, 2020) (citing "that the existence of Covid-19 and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release") (other citations and quotes omitted). "Extraordinary and compelling" reasons are a required component of the Court's ability to grant compassionate release, and as Mr. McIlveen has failed to provide such reasons, his motion cannot be granted.

## 5. Rehabilitative Efforts

Finally, Mr. McIlveen represents that his rehabilitative efforts give rise to an extraordinary and compelling reason for release. ECF Doc. 43 at 6. While noble, rehabilitation alone does not warrant granting Compassionate Release. *See United States v. Booker*, No. 1:13-CR-00050, 2020 U.S. Dist. LEXIS 28809, at *3 (N.D. Ohio Feb. 20, 2020) (finding that "rehabilitation of the defendant alone cannot serve as the basis for compassionate release").

## B. 18 U.S.C. § 3553(a) Factors

Even if Mr. McIlveen had established an "extraordinary and compelling reason" for a sentence reduction, compassionate release is inappropriate considering the sentencing factors listed in 18 U.S.C. § 3553(a). The statute lists seven factors the Court must weigh, including: the nature and circumstances of the offense as well as the defendant's history and characteristics; the need for the sentence; the types of sentences available; the sentencing range; any pertinent policy statement; the need to avoid sentence disparities among similar defendants; and the need to

provide restitution to victims. 18 U.S.C. § 3553(a). These factors are initially considered during sentencing. In deliberating a motion for compassionate release, the Court must consider whether the factors support a sentence modification. 18 U.S.C. § 3582(c)(1).

Mr. McIlveen has over 50 months remaining in his sentence and was convicted of very serious offenses including Possession with Intent to Distribute Cocaine (Count 2) and being a Felon in Possession of Firearm and Ammunition (Count 3). ECF Doc. 41. Of note, the Government has also presented evidence that Mr. McIlveen has been repeatedly disciplined for misconduct while in prison[3] and has a prior criminal history involving drug trafficking and possession of marijuana and cocaine. ECF Doc. 46 at 17, Ex. 2. Given the nature of Mr. McIlveen's offenses, he presents a danger to the community and a reduction in his sentence is not appropriate at this time. *See United States v. Relliford*, No. 20-3868, 2021 U.S. App. LEXIS 5188, at *2-3 (6th Cir Feb. 22, 2021) (finding that the district court properly considered the § 3553(a) factors when looking at the seriousness of the offense as well as the amount of time remaining on the defendant's sentence). For these reasons, the § 3553(a) factors weigh against granting Mr. McIlveen's Motion for Compassionate Release.

## IV.    Conclusion

For the above reasons, Colin P. McIlveen's Motion for Compassionate Release (ECF Doc. 43) is hereby **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster June 17, 2021*
**Dan Aaron Polster**
**United States District Judge**

---

[3] Mr. McIlveen was disciplined for possession of an unauthorized item (2017); refusing a work/program assignment (twice in 2018); and refusing a drug/alcohol test (2021). ECF Doc. 46 at 17, Ex. 2.